UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY McLAUGHLIN,

    Petitioner,

v.                                    **Case No. 8:07-CV-2223-T-30TBM**

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

# ORDER

    Petitioner, JEFFREY McLAUGHLIN ("Petitioner" or "McLaughlin"), an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). Petitioner is challenging his state convictions arising out of the Fifth Judicial Circuit Court, Hernando County, Florida, case numbers 03-0678-CF and 05-0453-CF. The Court has considered the petition, Respondent's response (Dkt. #10), Petitioner's reply (Dkt. #17), and held evidentiary hearings on September 3, 2009, and September 11, 2009. Upon consideration, the Court determines that the petition must be denied.

**BACKGROUND**

    Petitioner was charged by information with aggravated battery with a deadly weapon and aggravated assault with a deadly weapon for offenses which took place on May 17, 2003. On December 1, 2003, Petitioner signed a plea agreement and in accordance with the

agreement he was sentenced to 36 months probation upon his plea of *nolo contendere*. Petitioner was adjudicated guilty and no direct appeal was taken. Subsequently, Petitioner was arrested for domestic aggravated battery and a warrant was issued charging Petitioner with violating the terms of his probation. The domestic aggravated battery charge was later dropped, but the probation violation warrant was still outstanding.

On March 8, 2005, Petitioner was arrested on the outstanding warrant when the vehicle in which he was a passenger was stopped for a traffic violation. A search incident to the arrest revealed that Petitioner was in possession of crack cocaine and drug paraphernalia, for which Petitioner was additionally charged. Thereafter, Petitioner's probation was revoked for violating the terms of his probation. He was sentenced to 10 years imprisonment for the aggravated battery charge and a concurrent 60 months for the aggravated assault charge. Petitioner appealed the violation of probation and it was affirmed *per curiam*. McLaughlin v. State, 965 So. 2d 148 (Fla. 5th DCA 2007). Petitioner entered a plea of guilty to possession of cocaine and possession of drug paraphernalia and was sentenced to 30.6 months imprisonment, to which no appeal was taken.

On May 2, 2007, Petitioner timely filed a Fla. R. Crim. P. 3.850 Motion for Postconviction Relief raising two issues: 1) ineffective assistance of counsel for failing to investigate facts of the case and for failing to file a motion to suppress and 2) newly discovered evidence in that the victim recanted. The Motion was summarily denied. Petitioner appealed the denial and it was affirmed *per curiam*. McLaughlin v. State, 968 So. 2d 580 (Fla. 5th DCA 2007).

Subsequently, Petitioner timely filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising the same two grounds for relief.

> **Ground One:** Petitioner alleges that his counsel was ineffective because counsel failed to: (1) investigate the facts of Petitioner's case and (2) file a motion to suppress entry into evidence of cocaine and paraphernalia in Petitioner's possession at the time of his arrest.
>
> **Ground Two:** Petitioner alleges that he is entitled to relief because of newly discovered evidence where the alleged victim, and State's only witness to the crime, recanted his testimony accusing Petitioner of having committed the offenses for which he pled.

The Court held evidentiary hearings on Ground Two.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgement of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When a federal court reviews a criminal conviction from state court, 28 U.S.C. § 2254 places a heavy burden on the petitioner.

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Prince v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003); Williams v. Taylor, 529 U.S. 362 (2000). In circumstances where the state court denies an application for postconviction relief without written opinion, that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dept. Of Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002). Also, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Henderson v. Haley, 353 F.3d 880, 890-91 (11th Cir. Ala. 2003). The statutory presumption of correctness applies only to factual findings made by the state court, not to mixed determinations of law and fact. McBride v. Sharpe, 25 F.3d 962, 971 (11th Cir. 1994).

Petitioner asserts ineffective assistance of counsel as his first ground for relief. To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show both that counsel's performance was deficient and that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688. Prejudice results when there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Petitioner has the burden of proving that counsel's performance was below the objective standard of reasonable professional performance and that he was prejudiced as a result.

Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000).

## **DISCUSSION**

Petitioner has asserted two grounds for relief. Each of the Petitioner's grounds will be considered in turn.

## **GROUND ONE - INEFFECTIVE ASSISTANCE OF COUNSEL**

**Counsel's alleged failure to investigate the facts of the case**

Petitioner alleges that he received ineffective assistance of counsel because counsel failed to investigate the facts of his case. This generalized conclusory claim is facially insufficient. Petitioner fails to state what his counsel would have discovered with an investigation or how it would have changed the outcome of his case. Such conclusory allegations prove neither deficient performance nor prejudice and are not sufficient to support a claim of ineffectiveness. See Franklin v. U.S., 227 Fed. Appx. 856, 859 (11th Cir. 2007).

Petitioner's claim is also refuted by the record. On June 10, 2005, Petitioner entered an open plea of guilty to possession of cocaine and possession of drug paraphernalia. In this agreement, Petitioner indicated that he had discussed the facts of the his case with counsel and that he was satisfied with counsel's performance. The record indicates that Petitioner freely, knowingly, and intelligently accepted and agreed to the terms stated in the agreement.

**Counsel's alleged failure to file a motion to suppress evidence**

Petitioner alleges that counsel was ineffective because he failed to file a motion to suppress the evidence of cocaine and paraphernalia in case no. 05-0453-CF, thus allowing his case to proceed to a violation of probation hearing. Petitioner claims that had counsel

suppressed the evidence then Petitioner would not have pled guilty to the charges and the outcome of the probation hearing would have been different because the basis of the violation would have ceased to exist. This claim is without merit because there was no basis for counsel to file such a motion.

Counsel had no means to challenge the legality of the stop because the arresting officer had probable cause to stop the vehicle. The vehicle matched a "be on the lookout" warning ("BOLO") and had run a red light. See Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). The officer learned the identity of Petitioner during the field interview. The officer then arrested Petitioner on the outstanding violation of probation warrant and conducted a searched incident to the arrest. Therefore the stop, as well as the subsequent arrest and custodial search of Petitioner, was valid. The evidence recovered from Petitioner was lawfully obtained and he was not prejudiced by counsel's failure to file a motion to suppress it because the motion would have failed.

With respect to Petitioner's claim that he received ineffective assistance of counsel, Petitioner has alleged no facts and points to nothing in the record to satisfy either prong of the Strickland test. Petitioner has failed to meet his burden of proving that counsel's performance was objectively unreasonable under prevailing professional norms. He also failed to prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 688, 694. Additionally, Petitioner has failed to demonstrate that the trial court's rejection of this claim resulted in an unreasonable application of federal law, as established by Supreme Court precedent, or an unreasonable determination of the facts in light of the evidence in this case.

Therefore, Ground One does not warrant habeas corpus relief.

**GROUND TWO - NEWLY DISCOVERED EVIDENCE**

Petitioner alleges that he is entitled to relief because of newly discovered evidence in that the victim in case no. 03-0678-CF, his brother, recanted his testimony accusing Petitioner of having committed the offense for which he pled *nolo contendere* (Dkt. #10).

This claim is not cognizable for habeas corpus relief because Petitioner fails to state an independent constitutional violation. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. See Herrera v. Collins, 506 U.S. 390, 400, 113 S. Court. 853, 122 L. Ed. 2d 203 (1993). "[T]he existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Townsend v. Sain, 372 U.S. 293, 317, 83 S. Court. 745, 9 L. Ed. 2d 770.

Furthermore, even if Petitioner's claim were cognizable for habeas relief, it would still fail for lack of merit. To grant relief on the basis of newly discovered evidence, the evidence must be such that it "would probably produce an acquittal" on retrial. U.S. v. Provost, 969 F.2d 617, 620 (8th Cir. 1992). Recanted testimony "of a material witness should be viewed with disfavor...." U.S. v. Grey Bear, 116 F.3d 349, 350 (8th Cir. 1997) citing U.S. v. Coleman, 460 F.2d 1038, 1040 (8th Cir. 1972)(per curiam). The issue of whether newly discovered evidence would produce an acquittal on retrial turns on the credibility of the recantation. Provost, 969 F.2d at 620 citing U.S. v. Bednar, 776 F.2d 236, 238-39 (8th Cir. 1985).

The state court concluded that the victim's (Petitioner's brother) recantation was suspect in light of their familial relationship and because it was dated January 6, 2005, but was not sworn to until March 7, 2006, and not brought to the trial court's attention until May 2, 2006.

This Court granted Petitioner an evidentiary hearing to resolve the issue of credibility. Petitioner had the burden at the hearing of proving that his brother recanted his previous testimony. He failed to meet this burden. He could not get his brother to appear and testify, even after numerous attempts to serve him with a subpoena.

While George McLaughlin voluntarily signed an affidavit to help his brother, his wife told the process server that he would not come to court and perjure himself. And, as the State pointed out at the hearing, though Petitioner now claims he did not hit his brother in the head with a bottle, Petitioner's state defense counsel testified that Petitioner told him he had hit his brother with the bottle, albeit in self defense. This Court concludes that the victim's recantation is highly suspect and incredible.

Additionally, the Waiver of Rights and Plea Agreement signed by Petitioner on December 1, 2003, indicates that he knowingly, freely, and intelligently entered his plea. In return for a negotiated sentence which was consented to by the victim (his brother), Petitioner voluntarily pled *nolo contendere* to the charges of aggravated battery with a deadly weapon and aggravated assault with a deadly weapon. The Court notes that, rather than consent, the brother could have changed his testimony at that time if such were the truth.

Petitioner has failed to cite to any decision of the United States Supreme Court that would indicate the state court unreasonably applied federal law. Accordingly, the Court finds that Petitioner has failed to show that he is entitled to federal relief on this claim.

## CONCLUSION

For the foregoing reasons, the Court determines that Petitioner has not met the criteria for relief under 28 U.S.C § 2254. This Court has addressed each ground and has determined that each claim should be denied. The Petition for habeas relief is therefore denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on September 16, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:

Counsel/Parties of Record

*F:\Docs\2007\07-cv-2223.deny 2254.wpd*